-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DENNIS TIMMONS,

        Petitioner,

                                **ORDER**
                                06-CV-0386S(F)

        -v-

DALE ARTUS,

        Respondent.

---

        On June 16, 2006, petitioner filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, challenging a state court conviction. (Docket No. 1).[1] On June 21, 2006, the Court issued an Order directing respondent to file and serve an answer and memorandum of law in response to the petition. (Docket No. 3). On August 25, 2006, the Court received petitioner's "Motion Requesting Amendment to Petition ("Motion to Amend")" (Docket No. 12), which was not initially docketed by the Court but was later ordered to be filed *nunc pro tunc* on the date it was received. (Docket No. 13). On August 31, 2006, respondent's counsel filed an answer and memorandum of law in response to the petition. (Docket Nos. 9-10).

        Petitioner's Motion to Amend did not include a proposed amended petition but did present two additional grounds petitioner wished to add to the petition: (1) the verdict of guilty on the count of murder in the second degree (depraved indifference), N.Y. Penal L., § 125.25(2), was against the weight of evidence, and (2) ineffective assistance of trial counsel based on the allegation that trial counsel failed to challenge the constitutionality of the second

---

[1] This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), by the Hon. William M. Skretny, for all proceedings necessary to a determination of the factual and legal issues presented herein, and to prepare and submit a report and recommendation. (Docket No. 4).

degree murder statute under which he was convicted (depraved indifference), N.Y. Penal L., § 125.25(2), on the ground that the statute fails to define the more serious *mens rea* required for "depraved indifference murder."[2] At the time of receipt of the Motion to Amend, it appeared to the Court that the ineffective assistance of trial counsel claim based on counsel's failure to challenge the constitutionality of the depraved indifference murder statute, *see People v. Suarez*, 844 N.E.2d 721 (N.Y. 2005), had not been unexhausted. Petitioner's direct appeal from his conviction raised a claim that his conviction for second degree murder was against the weight of evidence. (Petition, ¶ 9(d)(2); Docket No. 8, Answer, ¶ 6). *See also People v. Timmons*, 750 N.Y.S.2d 395 (N.Y.A.D. 4th Dept. 2002).

The Court liberally construed the Motion to Amend as, in effect, a "partial" amended petition, *see Williams v. Kullman,* 722 F.2d 1048, 1050 (2d Cir.1983), and, therefore, rather than requiring petitioner to file a "complete" amended petition asserting both the claims raised in the original petition and the additional claims set forth in the Motion to Amend, the Court directed that the operative amended petition in this matter would consist of the original petition and the Motion to Amend. (Docket No. 13). Because it appeared that petitioner had not exhausted the ineffective assistance of counsel claim set forth in the Motion to Amend--*viz.*, that counsel failed to challenge the constitutionality of the depraved indifference murder statute--, petitioner was provided a Section 2254 Exhaustion Response Form setting forth his options as to how to proceed in light of the unexhausted claim raised in the operative amended petition.

---

[2] Because the petitioner's Motion to Amend the petition was received by the Court prior to the time respondent's answer was served, the Motion was deemed unnecessary inasmuch as petitioner could have amended the petition to add the two new claims as of right and without seeking leave of court. See Fed.R.Civ.P. 15(a); Rules Governing Section 2254 Cases in the United States District Courts, Rule 11.

Petitioner was directed to return the Response Form and advise the Court as to how he wished to proceed.[3] (Docket No. 13).

---

[3]The Four Options set forth on the Form provided to petitioner were:

**First**, petitioner may choose to file an amended petition which raises **only** those grounds for which state court remedies have been exhausted, thereby withdrawing from this Court's consideration the new ineffective assistance ground for which it appears such remedies have not been exhausted. The effect of such withdrawal may be that petitioner will **not** be permitted to raise the withdrawn ground in a second or successive habeas petition, *see* 28 U.S.C. § 2244(b). If petitioner chooses to amend his "amended petition," the amended petition must be filed with the Clerk of the Court by **October 30, 2006**.

**Second**, petitioner may choose to withdraw the entire petition herein to permit him time to exhaust all of the claims. If petitioner chooses that option, petitioner may then raise the claims in another petition, which will not be considered a second petition for purposes of § 2244(b) and therefore will not be foreclosed by the second or successive petition requirements of the statute. Petitioner is advised, however, that the applicable statute of limitations is tolled only "during the time in which a properly filed application for State post-conviction or other collateral review ... is pending," 28 U.S.C. § 2244(d)(2), and he if withdraws the entire petition and files a new one later, the new petition may be barred by the applicable statute of limitations under 28 U.S.C. § 2244(d).

**Third**, petitioner may ask to stay this petition and hold it in abeyance to allow the petitioner to present his unexhausted claim in state court and then return to federal court for review of his petition once he has exhausted his state remedies. *Rhines v. Weber*, 544 U.S. 26, 277-78 (2005); *and see Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. June 14, 2001). The issuance of such a stay and abeyance order is only appropriate, however, when the Court determines that there was "good cause" for the petitioner's failure to exhaust his claims in state court, the unexhausted claims are not "plainly meritless," and there is no indication that the petitioner engaged in "intentionally dilatory litigation." *Rhines*, 544 U.S. at 277-78. If this petition is a mixed habeas petition containing both exhausted and unexhausted claims, the Court may only deny the petition. 28 U.S.C. § 2254(b)(2). In addition, if the Court were to dismiss the entire petition without prejudice to petitioner's refiling it after he has exhausted all of his claims, he may find himself barred by the applicable statute of limitations because this petition may have been filed too near the end of the limitations period. 28 U.S.C. § 2244(d)(1). If petitioner were to seek and be granted a stay, the Court would dismiss the unexhausted claim and condition the stay on petitioner's initiation of exhaustion within 30 days, and his return to the district court within 30 days of the completion of the effort to exhaust.
**Petitioner is cautioned that standard rules for amendment under Fed. R. Civ. P. 15, including the "relation back" rules of Rule 15(c),** *see* **Mayle v. Felix,** 545 U.S. 644, 656-65, 125 S. Ct. 2562, 2570-75, (2005); will be applicable to petitioner's request to amend the petition to include the dismissed unexhausted claims in the petition again when they are exhausted. *See Zarvela*, 253 F.3d at 383.

**Fourth**, if petitioner has unexhausted claims which petitioner may no longer exhaust because of procedural bars, petitioner should provide the Court with the detailed information requested in the attached § 2254 Exhaustion Response Form, including the cause for the failure to exhaust and the prejudice sustained with respect to each such claim. If petitioner chooses this option, and if the Court finds that the cause and prejudice is legally sufficient, the claim will be deemed exhausted and the petition determined on the merits. **Petitioner is cautioned, however, that if he chooses this option and the cause and prejudice is <u>not</u> found legally sufficient, the Court may dismiss the petition and all the grounds therein with prejudice, thereby foreclosing petitioner from raising the grounds in a second or successive petition.** If petitioner chooses this option, the information must be set forth on the attached Petitioner's § 2254 Exhaustion Response Form and filed with the Clerk of the Court by **October 30, 2006**.

Petitioner filed the Response Form (Docket No. 15) selecting Option One thereby withdrawing the claim in the operative amended petition that his counsel was ineffective in failing to raise the constitutionality of New York's depraved indifference second degree murder statute. He also filed, as instructed on the Response Form, an amended petition (Docket No. 14), which raised the same claims raised in the initial petition (Docket No. 1, Petition, ¶ 22 A-F), and the one remaining claim raised in the Motion to Amend--*viz.*, that the verdict of guilty to depraved indifference murder was against weight of the evidence. (Docket No. 14, Amended Petition, ¶ 22 A-G). Accordingly,

IT HEREBY IS ORDERED as follows:

**1.** Respondent shall file and serve an **answer** and **memorandum of law** in response to the amended petition (Docket No. 14), in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than **September 10, 2007**. Further, the answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted.[4]

**2.** Petitioner shall have **thirty (30) days** upon receipt of the answer and memorandum of law to file a written reply to the answer and memorandum of law.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: July 24, 2007
Buffalo, New York

---

[4]Respondent's answer and memorandum of law in response to the amended petition may incorporate by reference its previously filed answer and memorandum of law in response to the original petition. Also, since respondent has already filed the transcripts of the underlying criminal proceeding, together with any record(s) of such proceeding and post-conviction proceedings, he will not be directed to again file any other transcripts or records of the underlying criminal proceedings, unless other relevant transcripts and records have not been filed.