UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DENNIS TIMMONS,

                      Petitioner,

v.

DALE ARTUS,

                      Respondent.

**REPORT
and
RECOMMENDATION**

**06-CV-386S(F)**

---

APPEARANCES:    DENNIS TIMMONS, *Pro Se*
                           01-B-828
                           Wende Correctional Facility
                           P.O. Box 1187
                           Alden, New York 14004

                           MICHAEL C. GREEN
                           District Attorney, Monroe County
                           Attorney for Respondent
                           LORETTA S. COURTNEY
                           Assistant District Attorney, of Counsel
                           47 South Fitzhugh Street
                           Rochester, New York  14614

Petitioner commenced this action on June 14, 2006, requesting habeas corpus relief under 28 U.S.C. § 2254, relative to Petitioner's April 3, 2001 conviction by jury, in New York Supreme Court, Monroe County Court, for Murder in the Second Degree (depraved indifference), in violation of New York Penal Law ("N.Y. Penal Law") § 125.25[2].  On July 14, 2006, Honorable William M. Skretny referred the matter to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), for report and recommendation.

Although not raised by Respondent, because the state court record accompanying Respondent's answer suggested the Petition is untimely, by this court's *sua sponte* Decision and Order filed July 9, 2009 (Doc. No. 21) ("Order to Show

Cause"), Petitioner was given until August 14, 2009 to show cause why the court should not dismiss the Petition as filed more than 467 days after Petitioner's conviction became final and, thus, untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. 2241(d)(1). *See Day v. McDonough*, 547 U.S. 198, 205 and 210 (2006) (holding that "district courts are permitted, but are not obligated, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," providing the court first "accord[s] the parties fair notice and an opportunity to present their positions."). On August 17, 2009, Petitioner filed an Answer to the Order to Show Cause (Doc. No. 24) ("Petitioner's Answer").

In response to the Order to Show Cause, Petitioner asserts that application of the "prison mailbox rule" permits excluding from the one year calculation a total of 32 days to allow for mailing of certain legal papers, *see Fernandez v. Artuz*, 402 F.3d 111, 114-16 (2d Cir. 2005), and that the AEDPA permits the exclusion of an additional 90-days in which a convicted person may seek direct review of the conviction by way of a petition for writ of certiorari to the United States Supreme Court. Petitioner's Answer at 1-4. Even assuming, *arguendo*, Petitioner's argument that the "prison mailbox rule" requires the court exclude 32 days from the time that elapsed between the date Petitioner's conviction became final and the filing of the Petition on June 14, 2006, and allowing for an additional 90 days to be subtracted to account for the time Petitioner had to file for further direct review by petitioning for a writ of certiorari to the Supreme Court, the Petition is still untimely.

Pursuant to 28 U.S.C. § 2244(d)(1), the Petition was required to be filed within one year of the date Petitioner's conviction became final, in this case, running "from the

2

latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In the Order to Show Cause, the court erroneously counted the one-year period in which Petitioner had to file his habeas petition from March 21, 2003, when the Court of Appeals denied Petitioner's motion for reargument of the request for leave to appeal to that court rather than from January 17, 2003, when the New York Court of Appeals denied Petitioner's application for leave to appeal. Order to Show Cause at 2-3.

Because the Court of Appeals denied Petitioner's application for leave to appeal on January 17, 2003, the AEDPA's one-year limitation period began running ninety days later, on April 17, 2003, when Petitioner's time to seek direct review by way of a certiorari petition to the Supreme Court expired. On April 10, 2003, however, Petitioner filed his first motion seeking a writ of error *coram nobis* such that as of April 10, 2003, 83 of the 90 days in which to petition for writ of certiorari had already elapsed, and Petitioner then had one year and seven days, or 372 days, in which to file the instant Petition.

Allowing for the tolling of the statutory limitations period while Petitioner's collateral attacks on his conviction were pending in state court, and accepting as true Petitioner's assertion that 32 additional days must be tolled pursuant to the "prison mailbox rule," the Petition was filed 44 days late. In particular, the court counts as elapsing (1) 312 days between the September 25, 2003 denial of Petitioner's first error *coram nobis* petition, and Petitioner's filing of his second *coram nobis* petition on August 4, 2004; (2) 76 days between the February 25, 2005 denial of Petitioner's second *error coram* nobis petition, and Petitioner's filing of his motion to vacate judgment on May 13,

2005; and (3) 60 days between the April 27, 2006 denial of Petitioner's motion to vacate judgment and Petitioner's filing on June 27, 2006 of the instant petition, totaling 448 days. Subtracting 32 days for mailing results in 416 days, or 44 days beyond the 372 days remaining of the one-year and 90 days when Petitioner filed his first petition for *coram nobis* relief. *See Bradley v. LaClair*, 599 F.Supp.2d 395, 403-04 (W.D.N.Y. 2009) (discussing timeliness of habeas petition in light of tolling for petitioner's numerous filings for state collateral relief).

Based on the foregoing, the Petition should be DISMISSED as untimely filed.

Further, as the court finds there is no substantial question presented for appellate review, a certificate of appealability should not issue. 28 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996.

    Respectfully submitted,

    /s/ *Leslie G. Foschio*

    LESLIE G. FOSCHIO
    UNITED STATES MAGISTRATE JUDGE

DATED:    August <u>19</u>, 2009
            Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
 LESLIE G. FOSCHIO
 UNITED STATES MAGISTRATE JUDGE

DATED: August 19, 2009
 Buffalo, New York